**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

JERRY G. ROBERTSON, #305655,

Petitioner,

v. ACTION NO. 2:05cv386

GENE M. JOHNSON, Director of the Virginia Department of Corrections,

Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

On July 31, 1997, petitioner Jerry G. Robertson ("Robertson") was convicted in the Danville Circuit Court of receiving stolen property, two counts of statutory burglary, grand larceny, and attempted petit larceny. He was sentenced on August 28, 1997, to a term of seventeen years and six months imprisonment with seventeen years and six months suspended upon condition that he serve

three years in the penitentiary, successfully complete the two-year First Step Program (a drug treatment program) upon his release, comply with supervised probation for two years, and have twelve years of good behavior.

Robertson was released from incarceration, and began active probation on December 14, 1999. He entered the First Step Program on December 27, 1999, and remained there until March 4, 2001, when he was discharged from the program due to being intoxicated. On that same date, Robertson absconded from supervision. Robertson's probation was revoked on February 11, 2002, and he was sentenced to serve an additional three years imprisonment.

On November 24, 2004, Roberston filed a habeas petition in the Virginia Supreme Court requesting credit for time served in the First Step Program towards his sentence. The petition was dismissed on the merits on May 24, 2005. Robertson filed a second habeas petition in the Virginia Supreme Court on December 20, 2004, alleging he was removed from a work release jail in violation of his due process and equal protection rights. The petition was dismissed as frivolous on February 1, 2005.

Robertson, presently in the custody of the Virginia Department of Corrections at the Bland Correctional Center in Bland, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 28, 2005. On September 13, 2005, respondent filed a Rule 5 Answer and Motion to Dismiss [Document No. 17]. Robertson filed a response to the Motion to Dismiss on December 7, 2005.

On August 1, 2005, Robertson filed a motion to be released on bail and/or for an immediate hearing on his motion [Document No. 6]. He filed an amendment to the motion to be released on bail on August 11, 2005 [Document No. 9]. The motion is hereby DENIED. On August

8, 2005, Robertson filed a motion to amend his petition and a request for copies of portions of the record [Document No. 8]. The motion to amend his petition is GRANTED, and the Court will consider the information provided in the motion. The motion for copies of portions of the record is DENIED.

**B. Grounds Alleged**

Robertson asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a) he was denied credit against his sentence for the 433 days he spent in the First Step Program in violation of his rights to due process; and

(b) he was improperly removed from a work release program in violation of both his rights to due process and equal protection.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Robertson's habeas petitions to the Virginia Supreme Court contained the same claims raised in the present petition; therefore, Robertson's Grounds (a) and (b) meet the exhaustion requirement.

______The Virginia Supreme Court dismissed both of Robertson's habeas petitions on the merits. Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits[1] unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1511.

On May 24, 2005, the Virginia Supreme Court dismissed Robertson's petition for habeas corpus requesting credit for time served in the First Step Program towards his sentence. The court found the record demonstrated that Robertson received all the credit to which he was entitled, and his sentence was properly calculated. The Virginia Supreme Court relied on the affidavit of the

---

[1] The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits." Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

Senior Manager for the Court and Legal Service Section for the Virginia Department of Corrections, which states, "[u]nder current VDOC practices, credit for time spent in drug programs cannot be applied to [Robertson's] current incarceration unless specifically detailed in the sentencing order from the court." (Respondent's Ex. 1 ¶ 5.)

This Court will conduct an independent review of the applicable law to determine whether Robertson has made the requisite demonstration under 28 U.S.C. § 2254(d)(1)-(2). Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000). This independent review is limited to determining "whether the state court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law." Bell v. Jarvis, 236 F.3d at 162.

The court must determine whether the Virginia Supreme Court's decision, that Robertson should not receive credit towards his sentence for the 433 days he spent in the First Step Program, was objectively reasonable. Virginia Code Ann. § 18.2-254(B), which describes the circumstances under which commitment to a facility for treatment of persons with substance abuse is treated as confinement in a penal institution, provides in pertinent part:

> The court trying the case of any person alleged to have committed any offense designated by this article or by the Drug Control Act 54.1-3400 et seq.) *or in any other criminal case in which the commission of the offense was motivated by, or closely related to, the use of drugs* and determined by the court to be in need of treatment for the use of drugs may commit such person, upon his conviction and with his consent and the consent of the receiving institution, to any facility for the treatment of persons for the intemperate use of narcotic or other controlled substances . . . for a period of time not in excess of the maximum term of imprisonment specified as the penalty for conviction of such offense . . .. *Confinement under such commitment shall be, in all regards, treated as confinement in a penal institution* . . ..

Va. Code Ann. § 18.2-254(B) (1992) (emphasis added).

The Virginia Supreme Court recently decided that a defendant's participation in the Detention Center Incarceration Program as a condition of probation constituted incarceration for which the defendant was entitled to credit when his probation was subsequently revoked. Charles v. Commonwealth, 613 S.E.2d 432 (2005). Charles was convicted of possession of heroin with intent to distribute, and was sentenced to five years with four years suspended. Id. at 433. After serving his one year active sentence, Charles was placed on probation. Id. When he violated his probation, Charles's suspended sentence was revoked and resuspended. Id. Charles was placed on a second term of probation, and one condition of the probation was that he enter and complete the Detention Center Incarceration Program. Id. Charles completed the program in five months, but violated other conditions of his probation. Id. The trial court revoked the second term of probation, and imposed the unserved four years of Charles's original sentence. Id. The Virginia Supreme Court held that Code § 19.2-316.2 labels the Detention Center Incarceration Program as an "incarceration" program; therefore, Charles was incarcerated when he participated in the program, even though participation was a condition of probation. Id. at 434. The court further held that it was not within the discretion of the trial court to grant or deny Charles credit for the time served in the program. Id.

Respondent correctly argues the Charles case is not controlling here because Robertson did not participate in the Detention Center Incarceration Program, a program codified in Virginia Code § 19.2-316.2 (2004 ). The First Step Program is not a program defined by statute as an incarceration program, and the Court must apply Virginia Code § 18.2-254(A) to determine whether time spent in such a program should be credited towards Robertson's sentence. However, Charles is instructive on one point. If Robertson's participation in the program constitutes incarceration under Va. Code § 18.2-254(A), the fact that Robertson's participation was a condition of his probation should not

affect his receiving credit toward his sentence.

The issue becomes whether Robertson's commission of the offenses for which he was convicted, receiving stolen property, two counts of statutory burglary, grand larceny, and attempted petit larceny, was "motivated by or closely related to the use of drugs," so as to bring Robertson's sentence under the provisions of Virginia Code Ann. § 18.2-254(B). Respondent argues this code section should not apply to Robertson's commitment to the First Step Program, because "[a] review of the order from the sentencing court shows that the court did not convict Robertson of any drug offense and makes no findings of any motivation or close relation to the use of drugs. . . the order does not in any way indicate that the crimes were motivated by or closely related to the use of drugs." (Respondent's Memorandum p. 4.) Respondent is correct that the sentencing order makes no reference to Virginia Code § 18.2-254(B), or to the fact that Robertson's convictions were motivated by or closely related to his use of drugs.

During Robertson's sentencing hearing, his counsel argued Robertson's substance abuse problems had led to his bad criminal record, including the convictions for which he was being sentenced. (August 28, 1997 Tr. 7-13.) Consequently, counsel asked the Court to consider a drug treatment program as part of Robertson's sentence. The transcript of the hearing contains the following discussion:

> MR. ROBERTSON: I feel like that if I got rid of my drug problem, that would end all my problems with the law.
>
> THE COURT: Well, I . . . I'd like to think that, but I'm going to tell you, I'm not so sure that that's necessarily true . . .
> I want you to get rid of the drug problem, so I'm going to sentence you to two of the years in this First Step Problem [sic], but now you're going to have to go down there, and you're going to have to complete it, and you're going to have to remain crime free.

(August 28, 1997 Tr. 15). A review of the transcript shows the sentencing court did not necessarily accept Robertson's argument that his crimes were all related to his drug problem. However, the Court did agree Robertson had a drug problem, and, at defense counsel's request, sentenced Robertson to the drug treatment program. Subsequently, the Court did *not* indicate in the sentencing order that Robertson's receiving stolen property, statutory burglaries, grand larceny, and attempted petit larceny, were "motivated by or closely related to the use of drugs," or that participation in the program should be treated as incarceration under the statute. Because these crimes are not defined in the statute as drug crimes, and because the Court failed to designate that the crimes were "motivated by or closely related to the use of drugs," it was reasonable for the Virginia Supreme Court to find Robertson's participation in the program did not qualify as incarceration under Virginia Code § 18.2-254(B). Therefore, the Court recommends that Robertson's Ground (a) be DENIED.

On February 1, 2005, the Virginia Supreme Court dismissed as frivolous Robertson's petition for habeas corpus alleging he was removed from the work release jail in violation of his due process and equal protection rights.

The Constitution does not vest an inmate with a liberty interest in retaining or receiving a certain custody status. Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994). "[T]he security and custody classification of state prison inmates is a matter for state prison-official discretion whose exercise is not subject to federal procedural due process constraints." Id. Therefore, Robertson's argument that he was removed from the work release program based on untrue allegations is not subject to review by this Court, and the Court recommends that Robertson's Ground (b) be DENIED.

There is no indication from the record that the Virginia Supreme Court's adjudication of Robertson's habeas petitions on the merits was contrary to, or involved an unreasonable application

of, clearly established federal law nor has it resulted in a decision that was based on an unreasonable determination of the facts. Therefore, the petition should be dismissed.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Robertson's petition for writ of habeas corpus be DENIED, and the respondent's motion to dismiss be GRANTED.

Robertson's Grounds (a) and (b) should be DENIED because they were previously adjudicated by the Virginia Supreme Court on the merits and none of the statutory exceptions apply that would allow this Court to review the claim on the merits.

Robertson has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten

(10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

February 2, 2006

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Jerry G. Robertson, #305655
Bland Correctional Center
256 Bland Farm Rd.
Bland, VA 24315-4960

Richard C. Vorhis, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Elizabeth H. Paret, Clerk

By ______________________________
Deputy Clerk

February , 2006